UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BENJAMIN R. DAVIS,**

    **Plaintiff,**                                                          CIVIL ACTION NO. 2:13-cv-15056

    v.                                                                        HON. PATRICK J. DUGGAN

**CRAIG DELEON,**                          MAGISTRATE JUDGE MONA K. MAJZOUB
**LEGACY RIM, a/k/a**
**REHABILITATION INSTITUTE**
**OF MICHIGAN, a Michigan corporation, and**
**LEGACY DMC, a/k/a DETROIT MEDICAL CENTER,**
A Michigan corporation,
Jointly and Severally,

    **Defendants.**
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER [7]**

This matter comes before the Court on Defendants' Motion for Protective Order. (Docket no. 7.) Plaintiff responded to Defendants' motion (docket no. 10), and Defendants replied to Plaintiff's response (docket no. 11). The motion has been referred to the undersigned for consideration. (Docket no. 8.) The parties have fully briefed the motion; the Court has reviewed the pleadings and dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.  Background**

Plaintiff, Benjamin R. Davis, alleges in his Complaint that, on March 11, 2013, he was wrongfully terminated by Defendants, Craig Deleon, Legacy RIM, and Legacy DMC, because of his sex, race, disability, and veteran status in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Elliott-Larsen Civil Rights Act, MCL § 37.2101.  (*See* docket no. 1 at

5-8.) Plaintiff's termination allegedly resulted from his failure to properly notify the front desk when he was to be off work, his failure to properly and adequately document his work, and for referring a client to a competitor. (*Id.* ¶¶ 13-14.)

Prior to his deposition, which took place on April 1, 2014, Plaintiff requested a copy of his personnel file and Defendants produced the file. (Docket no. 10 at 8; docket no. 7 at 8.) The personnel file contained a "Letter of Disappointment," which referred to one of Plaintiff's patients by name and stated the patient's general medical problems. (Docket no. 7 at 8.) The parties agreed that a protective order should be entered regarding the letter as well as other documents within the file that contain client information. (*Id.*)

Defendants drafted a proposed protective order, which provides that Plaintiff can only use the specified documents for purposes of the litigation and requires that all specified documents be destroyed at the conclusion of the litigation. (*Id.*) Plaintiff refuses to sign Defendants' proposed protective order, believing that the protective order should specifically state that the information is protected by the Health Insurance Portability and Accountability Act (HIPAA) and that Defendants should also be subject to the protective order. (Docket no. 10 at 11.) Plaintiff alleges that Defendants want to avoid being bound by the protective order because signing it would be an admission that a HIPAA violation has occurred and has not been properly reported. (*Id.*) Plaintiff urges the Court to adopt and enter Plaintiff's own proposed protective order. (*Id.* at 13, 38-39.)

Defendants insist that Plaintiff's allegations are misplaced. Specifically, Defendants argue that the documents in question are employment records, not patient records, and, therefore, HIPAA protections do not apply. (Docket no. 7 at 9.) Accordingly, Defendants believe that Plaintiff's proposed protective order should be rejected because it refers to "HIPAA-protected documents

2

produced by Defendants" and because it would apply to both parties. (Docket no. 11 at 3.) Defendants' Motion for Protective Order and the parties' proposed protective orders are currently pending before the Court.

## II.     Law and Analysis

Federal Rule of Civil Procedure 26(c) allows the Court to issue a protective order for good cause shown to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The parties agree that a protective order is needed; however, they are disputing the terms of the protective order.

Generally, the HIPAA Privacy Rule prevents a covered entity from using or disclosing protected health information.[1]  45 C.F.R. § 164.502(a).  "Protected health information" is all individually identifiable health information held or transmitted by a covered entity in any form or media, whether electronic, paper, or oral.  45 C.F.R. § 160.103.  "Individually identifiable health information," is defined as information that is created or received by a health care provider that relates to the physical or mental health or condition of an individual, or the provision of health care to an individual, which identifies, or provides a reasonable basis to identify, the individual.  (*Id.*) Protected health information excludes individually identifiable health information: (1) in education records covered by the Family Educational Rights and Privacy Act; (2) in employment records held by a covered entity in its role as employer; and (3) relating to an individual who has been deceased for more than 50 years.  (*Id.*)

In this case, the documents at issue specifically identify Defendants' patients by name and

---

[1] The parties do not dispute that Defendants Legacy RIM and Legacy DMC fall within the definition of a covered entity.

generally state their medical problems. Therefore, the documents do contain individually identifiable health information. Nevertheless, Defendants maintained the documents as a part of Plaintiff's employment records. Thus, the documents do not contain protected health information and are not subject to the HIPAA Privacy Rule prohibiting the wrongful disclosure of protected health information. Because the documents are not HIPAA-protected documents, Plaintiff's proposed protective order is not appropriate. Plaintiff's proposed protective order is also inappropriate because it would be nonsensical to restrict Defendants' use of their own business records to only for the purposes of this litigation; to prohibit Defendants' use of the documents for any other purpose or proceeding would be over inclusive and unduly burdensome.

Although the documents in question meet an exception to the general HIPAA regulations, the Court recognizes the confidential and sensitive nature of the information contained within the documents. To protect this information, the Court will order Defendants to amend their proposed protective order to include the following language: "Any reference to the individually identifiable health information of Defendants' clients will be redacted from any responsive documents prior to production."

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order [7] is **GRANTED**. Defendants will add the following language to their proposed protective order: "Any reference to the individually identifiable health information of Defendants' clients will be redacted from any responsive documents prior to production." Defendants will submit the amended protective order to the Court for entry on the docket within 21 days of this Opinion and Order.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated:  October 10, 2014		s/ Mona K. Majzoub
					MONA K. MAJZOUB
					UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  October 10, 2014		s/ Lisa C. Bartlett
					Case Manager